IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO.  05-00696 JMS/BMK |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER FINDING DEAN K. |
| vs. | ) | OTAKA IN CONTEMPT OF COURT |
| | ) | |
| DEAN K. OTAKA, M.D., as | ) | |
| President of DEAN K. OTAKA, | ) | |
| M.D., Inc., | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## **ORDER FINDING DEAN K. OTAKA IN CONTEMPT OF COURT**

### **I.  INTRODUCTION**

This Order addresses a narrow issue -- whether Respondent Dean K. Otaka, M.D., as President of Dean K. Otaka, M.D., Inc. ("Dr. Otaka"), although not presently in contempt of court, was nonetheless previously in contempt of this court's January 23, 2005 Order requiring compliance with an Internal Revenue Service ("IRS")  summons.  The court finds that Dr. Otaka was previously in contempt of this court's Order.

### **II.  BACKGROUND**

On March 10, 2005, IRS Revenue Agent Sheri Zane, as part of her examination of the tax liability of Dean K. Otaka, M.D., Inc. for 2001 and 2002,

issued an IRS administrative summons directing Dr. Otaka (as President of Dean K. Otaka, M.D., Inc.) to give testimony and provide the IRS with certain records. After Dr. Otaka failed to comply with the March 10 summons, the government filed an October 27, 2005 Petition to Enforce the IRS Summons. Dr. Otaka did not object to an order requiring compliance, and on January 23, 2006, this court entered an Order Enforcing IRS Summons. In that Order, the court found that Dr. Otaka failed to comply with the summons' requirement that he give testimony and produce documents to the IRS. As a result, the court ordered that Dr. Otaka

> fully obey the aforementioned summons and each requirement thereof as enumerated in the Declaration of Revenue Agent Sheri Zane, by appearing before Revenue Agent Zane, or any other proper officer or employee of the IRS, on January 31, 2006, at 9:00 a.m. at 300 Ala Moana Blvd., Room 2-122, Honolulu, Hawaii 96850-4992 to provide the testimony and documents required by the terms of the summons.

January 23, 2006 Order Enforcing IRS Summons at 5.

Dr. Otaka appeared before the IRS on January 31, 2006 as required. According to the United States, he failed to comply fully with this court's Order. As a result, the United States filed a June 1, 2006 Request for Entry of Order to Show Cause and for Contempt ("Motion for Contempt"). On June 5, 2006, this court entered an Order to Show Cause Why Dean K. Otaka M.D. Should Not be

Held in Contempt. After a brief diversion regarding a potential conflict of interest by Dr. Otaka's counsel, testimony was received on November 7-9, 2006. At the conclusion of the hearing, the court requested the parties confer to determine what documents, if any, remained outstanding and to file supplemental briefing by January 12, 2007.

In its January 12, 2007 supplemental brief, the United States represented that subject to Dr. Otaka's execution of a declaration regarding limited documents, the United States would no longer seek an order finding that Dr. Otaka is *presently* in contempt. Instead, "the United States requests that the Court find that respondent was in contempt as of the date the motion was filed but has since purged his contempt." January 12, 2007 Court-Ordered Supplemental Brief at 4. Thus, the sole issue before the court is whether Dr. Otaka was in contempt as of June 1, 2006, the date the United States filed its Motion for Contempt.

### III.  DISCUSSION

**A.   Legal Framework**

Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply. The contempt 'need not be willful,' and there is no good faith

3

exception to the requirement of obedience to a court order." *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693, 695 (9th Cir. 1993). The party claiming civil contempt must demonstrate a violation of the court's order by clear and convincing evidence. *Id.* at 695.

Substantial compliance qualifies as a defense to civil contempt, even in the face of "a few technical violations," where every reasonable effort has been made to comply. *Id.* (*citing Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 891 (9th Cir. 1982)). Thus, if the United States meets its initial burden of showing by clear and convincing evidence that a specific and definite court order was violated, the burden then shifts to the respondent to demonstrate why he was unable to comply. *F.T.C. v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999); *Stone v. City & County of San Francisco*, 968 F.2d 850, 856 n. 9 (9th Cir. 1992). Inability to comply "does not mean that compliance must be totally impossible. Instead, the inability that will absolve a party from being held in contempt requires only that the noncomplying party has made 'in good faith all reasonable efforts to comply' with the terms of a court order." *Chairs v. Burgess*, 143 F.3d 1432, 1437 (11th Cir. 1998) (*quoting Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991)).

**B.     Dr. Otaka was in Contempt as of June 1, 2006**

A review of the entire record establishes by clear and convincing evidence that as of June 1, 2006, Dr. Otaka failed to produce the documents required by this court's specific and definite January 23, 2006 Order Enforcing IRS Summons.  First, IRS Agent Van Zweden's May 30, 2006 declaration in support of the United States' June 1, 2006 Motion for Contempt and his testimony during the November 2006 hearing demonstrates Dr. Otaka's non-compliance.  Second, the United States received voluminous documents responsive to the summons well after June 1, 2006 (on July 14, August 29, September 5, October 20, November 7, and December 14, 2006[1] and January 2, 2007).

Dr. Otaka argues that he was never in contempt, claiming that following his January 31, 2006 interview with the IRS until the motion for contempt was filed, he "was essentially unrepresented by counsel and did not know that he had not fully complied with the summons."  Respondent's Reply Memo at 2.  He further blames his previous counsel[2] and the IRS for the non-

---

[1] In his post-hearing briefing, Dr. Otaka admits that he produced over 200 pages of documents on December 14, 2006 consisting of insurance applications, insurance policies, and correspondence.  No explanation was given for this late production.

[2] Dr. Otaka claims that he had previously provided the documents produced on July 14, 2006 to his former attorney, and the attorney failed to provide the documents to the IRS.  Even if true as to some limited documents, the record amply demonstrates that Dr. Otaka failed to

(continued...)

production of documents.  However, a finding of contempt is not contingent on a finding of wilfulness or bad faith.  "Failure to comply need not be intentional." *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986).  Dr. Otaka, not the IRS or his counsel, was responsible for the production of the documents.  Two specific examples illustrate Dr. Otaka's non-compliance.

Paragraph 3(a) of the summons requested insurance applications related to insurance expenses deducted on the 2001 and 2002 corporate tax returns.  Agent Van Zweden testified that deductions were taken on the returns for insurance expenses related to Asia Pacific Mutual Insurance Company ("Asia Pacific"), a company located in the South Pacific island nation of Vanuatu.  This information was obviously known to Dr. Otaka at the time he received the summons, and Dr. Otaka testified that he recalled signing an Asia Pacific insurance application.  11/8/06 Tr. at 47.  Yet Dr. Otaka failed to write a letter to Asia Pacific requesting a copy of the application until July 27, 2006, six months after this court ordered him to comply with the summons.  11/7/06 Tr. at 118.  Absent threat of contempt, it appears that Dr. Otaka would have taken no steps, let alone reasonable steps, to procure the Asia Pacific insurance application.

---

$^2$(...continued)
provide many other documents until after July 14, 2006 -- when he was under the threat of contempt.

Paragraph 4(a) of the summons requested applications for loans made, obtained, or in existence in 2001 and 2002. Dr. Otaka and his wife jointly applied for an automobile (Lexus) loan at the Hawaii State Federal Credit Union. 11/7/06 Tr. at 134-35; 11/8/06 Tr. at 43-44. After receiving the summons, Dr. Otaka and his wife called the credit union.[3] Dr. Otaka explained that "[a]nd what we received in turn were the loan -- I guess it's in the loan document, but not the application[.]" 11/7/06 Tr. at 135.[4] He further explained that "[t]hey didn't have an application on file. We asked for loan applications relative to this. What they gave us back was a form showing what our repayment terms were." *Id*. at 136. Dr. Otaka admitted that he never submitted any written request for loan information from the credit union. *Id*. at 137.

William Akamine, the credit union's compliance manager, testified that an application must be created for an automobile loan and the credit union maintains the application in its files. 11/9/06 Tr. at 86. Akamine explained that he reviewed Dr. Otaka's file prior to his testimony and saw the Lexus loan

---

[3] Although it is unclear when Dr. Otaka telephoned the credit union, Mrs. Otaka testified that she telephoned the credit union in July 2006, spoke to "whoever answered the phone," and asked for information regarding the Lexus loan. 11/9/06 Tr. at 76.

[4] In fact, the July 14, 2006 production (at pages 100428-429) included a Hawaii State Federal Credit Union Loanliner Open-End Voucher and Security Agreement. Although Dr. Otaka's counsel suggested that this document was in fact the loan application, testimony clearly established that it was not. *See* 11/8/06 Tr. at 81; 11/9/06 Tr. at 87, 98.

application in the file.  *Id*. at 99.  According to the government, Dr. Otaka provided the IRS with a copy of the Lexus loan application from the Hawaii State Federal Credit Union in January 2007.  Thus, Dr. Otaka failed to produce the Lexus loan application until approximately one year after this court's January 23, 2006 Order Enforcing IRS Summons.

In an effort to explain his tardiness, Dr. Otaka claims that he made all reasonable efforts to comply with this court's Order.  The two examples cited above clearly show otherwise.  As to Asia Pacific, Dr. Otaka appears to have waited over six months to make even minimal efforts.  As to the Hawaii State Federal Credit Union loan application, even if the court credits Dr. Otaka's claim that he telephoned the credit union,[5] such a preliminary and basic step to gather information does not satisfy the "all reasonable efforts" test.  The efforts must be complete and reasonable; Dr. Otaka's efforts, at best, can be described as incomplete, minimal, and not reasonably calculated to result in the production of the loan application from the credit union.  The court finds that as of June 1, 2006, Dr. Otaka was in contempt of court based on his failure to obey a specific and definite court order by failing to take all reasonable steps within his power to comply.

---

[5] For the most part, the court found Dr. Otaka evasive during his testimony.  In short, Dr. Otaka was not a credible witness.

## IV. **CONCLUSION**

As of June 1, 2006, Dr. Otaka was in contempt of this court's January 23, 2006 Order Enforcing IRS Summons. "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *General Signal Corp.*, 787 F.2d at 1380. Accordingly, the court finds that the United States is entitled to reasonable attorneys' fees and costs as compensatory sanctions.

The United States is directed to file its specific request for attorneys' fees and costs, along with a declaration (or declarations) and supporting documentation by March 12, 2007. *See* Local Rule 54.3.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 16, 2007.

/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Dean K. Otaka, M.D., etc.*, Civ.No. 05-00696 JMS/BMK, Order Finding Dean K. Otaka in Contempt of Court